# EXHIBIT A

| STATE OF NORTH CAROLINA | File No. 21-CVS-8959 |
|---|---|
| MECKLENBURG County | In The General Court Of Justice<br>☐ District ☒ Superior Court Division |

| Name Of Plaintiff |
|---|
| DAWN RIPPY-BRUNTON, ROGER BRUNTON, HAROLD LEE |
| Address |
| RIPPY, JR., AND DIANE RIPPY |
| City, State, Zip |
| PO BOX 36385 CHARLOTTE NC 28236 |

**CIVIL SUMMONS**

☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE)

G.S. 1A-1, Rules 3 and 4

**VERSUS**

| Name Of Defendant(s) | Date Original Summons Issued |
|---|---|
| AMERICAN AIRLINES, INC | |
| | Date(s) Subsequent Summons(es) Issued |

**To Each Of The Defendant(s) Named Below:**

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| AMERICAN AIRLINES, INC<br>C/O REG AGENT CT CORPORATION SYSTEM<br>160 MINE LAKE CT STE 200<br>RALEIGH NC 27615 | |

⚠ **IMPORTANT!** You have been sued! These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!

**¡IMPORTANTE!** ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles!
Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and
2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff) | Date Issued 6-21-21 | Time 2:30 ☐ AM ☒ PM |
|---|---|---|
| MATTHEW R. MYERS<br>PO BOX 36385<br>CHARLOTTE NC 28236<br>704-376-3000 | Signature | |
| | ☒ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | |

| ☐ ENDORSEMENT (ASSESS FEE) | Date Of Endorsement | Time ☐ AM ☐ PM |
|---|---|---|
| This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | Signature | |
| | ☐ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | |

**NOTE TO PARTIES:** Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.

(Over)

AOC-CV-100, Rev. 4/18
© 2018 Administrative Office of the Courts

| | RETURN OF SERVICE | |
|---|---|---|
| I certify that this Summons and a copy of the complaint were received and served as follows: |||

## DEFENDANT 1

| Date Served | Time Served  ☐ AM  ☐ PM | Name Of Defendant |
|---|---|---|
| | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

## DEFENDANT 2

| Date Served | Time Served  ☐ AM  ☐ PM | Name Of Defendant |
|---|---|---|
| | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid  $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 4/18
© 2018 Administrative Office of the Courts

| STATE OF NORTH CAROLINA | FILED IN THE GENERAL COURT OF JUSTICE |
|---|---|
| COUNTY OF MECKLENBURG | SUPERIOR COURT DIVISION 21-CVS-8959 |

2021 JUN -4 P 2: 26
MECKLENBURG CO., C.S.C.
BY _____

DAWN RIPPY-BRUNTON, ROGER BRUNTON, HAROLD LEE RIPPY, JR., and DIANE RIPPY,

    PLAINTIFFS,

v.

AMERICAN AIRLINES, INC.,

    DEFENDANT.

COMPLAINT

Plaintiffs, complaining of Defendant, allege and say:

1. Plaintiff Dawn Rippy-Brunton is a resident of Cleveland County, North Carolina.

2. Plaintiff Roger Brunton is a resident of Cleveland County, North Carolina.

3. Plaintiff Harold Lee Rippy, Jr. is a resident of Gaston County, North Carolina.

4. Plaintiff Diane Rippy is a residence of Gaston County, North Carolina.

5. Plaintiffs are family members. Plaintiff Dawn Rippy-Brunton and Plaintiff Roger Brunton are spouses. Plaintiffs Harold Lee Rippy, Jr. and Diane Rippy are the parents of Plaintiff Dawn Rippy-Brunton.

6. Defendant American Airlines, Inc. is a corporation organized pursuant to the laws of the State of Delaware with a principal place of business in the State of Texas.

7. Defendant American Airlines, Inc. is authorized by the North Carolina Secretary of State to do business in North Carolina.

8. Defendant American Airlines, Inc. conducts substantial business in North Carolina.

9. Defendant American Airlines, Inc. is an airline and has its second largest hub airport in Mecklenburg County, North Carolina.

10. On June 5, 2019, Plaintiffs were passengers on a flight from Charlotte-Douglas International Airport (CLT) in Mecklenburg County, North Carolina to McCarran International Airport (LAS) in Las Vegas, Nevada.

11. Plaintiffs had planned a once-in-a-lifetime trip to travel to Las Vegas, Hawaii, and Los Angeles.

12. This was expected to probably be a last big vacation with Plaintiffs Diane Rippy and Harold Lee Rippy, Jr. due to their age.

13. Plaintiffs had been planning the trip for a long time and had many activities lined up to participate in during their trip in Las Vegas, Hawaii, and Los Angeles.

14. On June 5, 2019, Plaintiffs had purchased tickets and were passengers and business invitees of Defendant American Airlines, Inc.

15. The flight was operated by Defendant American Airlines, Inc. and Defendant American Airlines, Inc. was responsible for the actions, management, direction, training, and procedures of all aspects of the flight.

16. Upon information and belief, there were two pilots in charge of piloting the flight from CLT to LAS.

17. Defendant American Airlines, Inc. was the employer of the pilots on the flight from CLT to LAS.

18. At all times herein, the pilots on the flight were working as the agents, servants or employees of Defendant American Airlines, Inc. and acting within the course and scope of said agency relationship, either under the Doctrine of Respondent Superior or such other agency relationship.

19. At all times herein, the pilots on the flight were subject to the control and direction of Defendant American Airlines, Inc. and Defendant American Airlines, Inc. was responsible for the actions of the pilots.

20. As the flight was nearing its destination at LAS and coming in for the landing, all Plaintiffs were in their seats with their seatbelts fastened.

21. As the aircraft came down on the runway, the aircraft struck the runway very hard and bounced high back into the air. The aircraft then suddenly and violently rolled to the left, rolled back to the right, and started to roll left again before aborting the landing and climbing back into the sky.

22. The aircraft re-entered the traffic pattern and eventually landed.

23. As a result of striking the runway very hard and the forceful rocking of the aircraft, all Plaintiffs were violently thrown about the cabin.

24. All Plaintiffs sustained injuries as a result of being thrown about the cabin.

25. Defendant American Airlines, Inc. is a common carrier of passengers for hire and owes its passengers, including Plaintiffs, the duty of extraordinary diligence, or the highest degree of care, to protect them from harm.

26. The pilots of the flight operated the aircraft in a careless and/or reckless manner and endangered the lives of Plaintiffs in violation of 14 CFR Part 121 and other Federal Aviation Regulations and Statutes as may apply.

27. The incident and injuries sustained by Plaintiffs were proximately caused by the negligence of the pilots of the aircraft, which negligence is imputed to Defendant American Airlines, Inc., including but not limited to the following acts of negligence:

    a) Failed to maintain a reasonable lookout for flight conditions at the intended airport for landing;
    b) Failed to exercise and maintain reasonable command of the aircraft control surfaces such as to maintain safe and reasonable control over the aircraft at all times;
    c) Failed to terminate or abort the initial approach and landing when same could not have been done safely for passengers including Plaintiffs;
    d) Failed to exercise safe and reasonable flight of the aircraft and continued with the approach and descent to the hard surfaced runway when the flight deck knew or should have known the landing was likely not to end well for passengers;
    e) Failed to delay the initial landing by allowing "get there at all costs" mentality to override and control safe operation of the aircraft;
    f) Failed to properly and timely exercise ultimate authority as the Pilot In Command to refuse landing instructions from the tower or ATC;
    g) Failed to timely request to deviate to the other runway at LAS for a more favorable landing environment;
    h) Allowed to unreasonably follow company directives to land "on time" to interfere with safe operation of the aircraft.

28. As a direct and proximate result of the acts and/or failures of the pilots, which is imputed to Defendant American Airlines, Inc., Plaintiffs sustained injuries to their person.

29. As a result of the injuries sustained, Plaintiffs were unable to participate in many of the planned activities in Las Vegas, Hawaii, and Los Angeles, and unable to fully enjoy their planned trip to Hawaii.

30. As a direct and proximate result of the negligence of the pilots, which negligence is imputed to Defendant American Airlines, Inc., Plaintiff Dawn Rippy-Brunton has incurred medical bills, has had to endure pain and suffering, and may in the future incur medical bills, and have pain and suffering.

31. Plaintiff Dawn Rippy-Brunton has been damaged as a proximate result of the negligence of the pilots, which negligence is imputed to Defendant American Airlines, Inc., in an amount greater than $25,000.00.

32. As a direct and proximate result of the negligence of the pilots, which negligence is imputed to Defendant American Airlines, Inc., Plaintiff Roger Brunton has incurred medical bills, has had to endure pain and suffering, lost wages and may in the future incur medical bills, have pain and suffering and have additional lost wages.

33. Plaintiff Roger Brunton has been damaged as a proximate result of the negligence of the pilots, which negligence is imputed to Defendant American Airlines, Inc., in an amount greater than $25,000.00.

34. As a direct and proximate result of the negligence of the pilots, which negligence is imputed to Defendant American Airlines, Inc., Plaintiff Diane Rippy has incurred medical bills, has had to endure pain and suffering, and may in the future incur medical bills, and have pain and suffering.

35. Plaintiff Diane Rippy has been damaged as a proximate result of the negligence of the pilots, which negligence is imputed to Defendant American Airlines, Inc., in an amount greater than $25,000.00.

36. As a direct and proximate result of the negligence of the pilots, which negligence is imputed to Defendant American Airlines, Inc., Plaintiff Harold Lee Rippy, Jr. has incurred medical bills, has had to endure pain and suffering, and may in the future incur medical bills, and have pain and suffering.

37. Plaintiff Harold Lee Rippy, Jr. has been damaged as a proximate result of the negligence of the pilots, which negligence is imputed to Defendant American Airlines, Inc., in an amount greater than $25,000.00.

**WHEREFORE**, Plaintiff prays the Court as follows:

1. Plaintiff Dawn Rippy-Brunton have and recover an amount greater than $25,000.00 from Defendant for personal injuries;

2. Plaintiff Roger Brunton have and recover an amount greater than $25,000.00 from Defendant for personal injuries;

3. Plaintiff Diane Rippy have and recover an amount greater than $25,000.00 from Defendant for personal injuries;

4. Plaintiff Harold Lee Rippy, Jr. have and recover an amount greater than $25,000.00 from Defendant for personal injuries;

5. Plaintiffs have and recover costs in this action and that said costs include a reasonable attorney's fee as allowed by law;

6. Plaintiffs have and recover interest on all damages from the date of the institution of this action until judgment is paid, pursuant to G.S. § 24-5;

7. All issues of fact, if any, be heard and determined by a jury;

8. Plaintiffs have such other and further relief as the Court may deem just and proper.

THIS __4__ day of June 2021.

Matthew R. Myers
Attorney for Plaintiffs
State Bar # 35471
mattmyers@myerslegal.com
Myers Law Firm, PLLC
P.O. Box 36385
Charlotte, NC 28236
T: 704-376-3000
F: 704-374-0700

STATE OF NORTH CAROLINA          IN THE GENERAL COURT OF JUSTICE
                                            SUPERIOR COURT DIVISION
COUNTY OF MECKLENBURG          FILE NO. 21-CVS-8959

DAWN RIPPY-BRUNTON, ROGER BRUNTON, )
HAROLD LEE RIPPY, JR., and DIANE RIPPY, )
                                          )
              Plaintiffs,                   )
                                          )
vs.                                          )
                                          )
AMERICAN AIRLINES, INC.,            )
                                          )
              Defendant.                 )
                                          )

## NOTICE OF APPEARANCE

Please take notice that attorney William M. Starr of the law firm of Nelson Mullins Riley & Scarborough LLP, has been retained to represent the Defendant American Airlines, Inc. (hereinafter "Defendant"). This attorney respectfully requests that the Court note his appearance of record and further requests that the Court and the other parties to this matter serve him with a copy of all documents filed with the Court and any other documents required to be served on the Defendant in this action.

Respectfully submitted this 21st day of June, 2021.

                                               William M. Starr
                                               NC Bar No.: 31813
                                               Nelson Mullins Riley & Scarborough LLP
                                               One Wells Fargo Center
                                               301 South College Street, 23rd Floor
                                               Charlotte, NC 28202
                                               (704) 417-3000
                                               (704) 377-4814 Facsimile
                                               bill.starr@nelsonmullins.com

                                               *Attorney for Defendant American Airlines, Inc.*

# CERTIFICATE OF SERVICE

I, the undersigned attorney of the law offices of Nelson Mullins Riley & Scarborough LLP, attorneys for the Defendant do hereby certify that I have served all counsel of record in this action with a copy of the pleading(s) herein below specified by mailing a copy by United States Mail, postage prepaid, to the following address(es):

Pleadings: **NOTICE OF APPEARANCE**

Parties Served:
Matthew R. Myers, Esq.
Myers Law Firm, PLLC
P.O. Box 36385
Charlotte, NC 28236

*Attorney for Plaintiffs*

_____
William M. Starr

June 21, 2021